■ SUPERMARKETS GENERAL CORPORATION, Appellant, v OSTER APARTMENTS, Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff is not in default under a lease, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), entered March 15, 1989, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as tenant, and the defendant, as landlord, are successors in interest to a long-term commercial lease for the rental of premises constructed for supermarket use, located in a shopping center in West Nyack, New York. The lease calls for a percentage rent of 1% of the gross sales of the supermarket, unless 1% of the gross sales are less than $48,000 per annum, in which case the base rent is set at $48,000 annually.

In June 1988 the tenant closed the supermarket; however, it continued to tender to the landlord the base rent due. The landlord served the tenant with a notice of default in which it claimed that the tenant's closing of the supermarket and its failure to pay a percentage rent above the base rent constituted a default under the lease.

The landlord moved and the tenant cross-moved for summary judgment. The Supreme Court, Rockland County, declined to award summary judgment to either party, finding that triable issues of fact existed with respect to whether the parties intended that the tenant be required to use the premises continually as a supermarket.

On appeal, the tenant contends that the lease contains no language which specifically obligates it to operate the premises continually as a supermarket. The landlord, relying upon the terms of the original lease between the parties' predecessors in interest, which states that the premises were constructed for supermarket use, contends that the language of the lease, when taken as a whole, establishes that the parties intended a continual supermarket use; that the landlord and tenant understood and intended that satellite stores, which were constructed around the supermarket, would be dependent on the continued operation of the supermarket; that the base rent, which has been in effect for over 20 years, is far too low to justify the belief that the parties intended to perpetuate that amount with a tenant's renewal option through 1996 without additional rental fees pursuant to the gross sales

percentage formula; that an interpretation of the lease which authorizes the continuation of such an arrangement is so one sided as to be wholly beyond the possible intention of the parties; and that shortly after executing a renewal lease, the tenant closed the supermarket in bad faith, so as to protect and enhance the business of another of its supermarkets located nearby.

We agree with the Supreme Court that under the circumstances of this case, there are issues of fact precluding the awarding of summary judgment. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.